IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 26 2011
J. T. NOBLIN, CLERK
BY_____DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LHC GROUP INC. d/b/a GULF COAST HOMECARE | ) ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO. 1:11cv355 LG-JMR

COMPLAINT
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"), *as amended* by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "the ADAAA"), and the Civil Rights Act of 1991, against Defendant, LHC Group Inc., d/b/a Gulf Coast Homecare (hereinafter "Defendant" or "LHC Group"). All references to the ADA include the ADA, *as amended*. The actions at issue occurred after January 1, 2009 and are, therefore, covered by the ADAAA.

This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief for Kristy Michele Sones ("Sones") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission alleges Defendant refused to provide Sones with a reasonable accommodation of her disability and discharged her because of her disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, *as amended* ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, LHC Group Inc. d/b/a Gulf Coast Homecare. (the "Employer"), has continuously been a Louisiana corporation doing business in the State of Mississippi and the City of Picayune, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Sones filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Sones suffers from a disability (epilepsy) that substantially limits one or more major life activities, including: caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, learning, reading, concentrating, thinking, communicating, interacting with others, working, and the operation of a major bodily function, including neurological, brain, immune, bowel, and bladder functions.

9. Beginning on at least May 26, 2009, Defendant Employer engaged in unlawful employment practices at its Picayune, Mississippi facility by failing to reasonably accommodate Sones in violation of the Act. 42 U.S.C. § 12112(b)(5)(A).

    (a) On or about November 30, 2006, Defendant hired Sones.

    (b) In or around March of 2009, Defendant promoted Sones to a Team Leader position.

    (c) Between March of 2009 and May of 2009, Sones maintained a good work record and successfully performed the duties of a Team Leader at or above her employer's reasonable expectations.

    (d) On or about May 26, 2009, Sones experienced an epileptic seizure in the workplace.

 (e) On or about May 31, 2009, Sones returned to work.

 (f) After returning to work, Sones informed her supervisor that for a few days she would have some minor memory problems and might need some assistance performing some of her job duties during that time.

 (g) The assistance Sones requested had no financial costs, was not burdensome, and may or may not have been necessary.

 (h) Defendant refused Sones's request for assistance.

 (i) After Sones returned to work, her supervisor started treating Sones in an unfriendly manner, and would not interact with her as frequently as she use to, and attempted to isolate Sones from other staff.

10. On or about June 24, 2009, Defendant Employer engaged in unlawful employment practices at its Picayune, Mississippi facility, by intentionally discharging Sones because of her disability (epilepsy) or because Defendant regarded Sones as disabled in violation of the Act. 42 U.S.C. §12112(a).

 (a) Plaintiff hereby incorporates by reference Paragraphs 9(a) through (i) above.

 (b) On June 19, 2009, Defendant presented Sones with a "weekly evaluation" meeting.

 (c) Prior to June 19, 2009, Defendant had not conducted weekly evaluation meeting with Sones.

 (d) During the June 19, 2009 meeting, Defendant designated July 31, 2009 as a target date by which Sones was to master all Team Leader tasks.

 (e) On June 24, 2009, Defendant terminated Sones's employment.

(f) In the termination meeting, Defendant told Sones that she was terminated because Sones was "a liability to the organization," and "Because of your seizures, we think it's best to let you go."

(g) Defendant's comments during the termination meeting, and its treatment of Sones after she returned to work, reflected that Defendant regarded Sones as disabled.

11. The effect of the practices complained of in Paragraphs 9 and 10 has been to deprive Sones of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

12. The unlawful employment practices complained of in Paragraphs 9 and 10 were intentional.

13. The unlawful employment practices complained of in Paragraphs 9 and 10 were done with malice or with reckless indifference to the federally protected rights of Sones.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its offers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing to reasonably accommodate disabilities in the workplace and from discharging employees because they are disabled or because they are regarded as disabled.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a training program to train its

managers, supervisors and employees on preventing and avoiding disability discrimination in the workplace.

C.  Order Defendant Employer to make whole Kristy Sones by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to make whole Kristy Sones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above including, but not limited to, job search expenses, medical expenses, health and retirement benefits, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Kristy Sones by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above including, but not limited, to emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Kristy Sones punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

G.  Order Defendant Employer to provide Kristy Sones appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
C. Emanuel Smith (MS 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov

_____
Julie Bean (DC 433292)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2062
Fax: (205) 212-2041
julie.bean@eeoc.gov