IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**                                              **PLAINTIFF**

v.                                                        CAUSE NO. 1:11CV355-LG-JMR

**LHC GROUP INC., d/b/a**
**GULF COAST HOME CARE**                                                **DEFENDANT**

## ORDER DENYING MOTION TO
## STRIKE AFFIRMATIVE DEFENSES

BEFORE THE COURT is the Motion [11] to Strike Affirmative Defenses filed by Plaintiff, the Equal Employment Opportunity Commission. The Defendant, LHC Group, Inc., has responded. The claims asserted in the EEOC's Amended Complaint relate to alleged disability discrimination in violation of the Americans with Disability Act. Specifically, the EEOC has brought suit on behalf of one individual, Kristy Michele Sones, alleging failure to accommodate and wrongful termination based upon an alleged disability.

Soon after LHC Group filed its Answer to the EEOC's First Amended Complaint, the EEOC moved to strike LHC Group's Third, Sixth, Seventh, Twelfth, Eighteenth, Twenty-Third, and Twenty-Sixth Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f). The EEOC contends these affirmative defenses are invalid as a matter of law, inapplicable to this action, and/or defective as they are insufficiently pled and do not give notice of the defense claimed. LHC Group argues that its affirmative defenses give the EEOC all the notice it is due, and it is improper to require it to prove its defenses prior to any discovery taking place. The

Court finds that LHC Group's Third, Sixth, Seventh, Twelfth, Eighteenth, and Twenty-Third affirmative defenses are adequately pled. The Twenty-Sixth Affirmative Defense is too vague to give the EEOC fair notice, but the EEOC does not attempt to show how it is prejudiced by this inadequacy. The Court will therefore exercise its discretion to deny the Motion to Strike in its entirety.

## THE LEGAL STANDARD

Motions to strike defenses are disfavored in the Fifth Circuit and infrequently granted. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Augustus v. Bd. of Public Instruc. of Escambia Cnty., Fl.*, 306 F.2d 862, 868 (5th Cir. 1962); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). Although Rule 12 provides that district courts may strike defenses or other matters from pleadings under certain circumstances, this discretion should be exercised sparingly because striking a defense is such a "drastic remedy." *See In re Chinese Mfr. Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La. 2010). When there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister*, No. 4:10cv77-DPJ-JKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) ("Even when addressing a pure question of

legal sufficiency courts are very reluctant to determine such issues on a motion to strike, preferring to determine them only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial."). Additionally, a motion to strike should not be granted unless the moving party demonstrates that it would be prejudiced otherwise. *See Global ADR, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, *1 (E.D. La. May 15, 2003) (denying plaintiff's motion to strike because the pleadings made a legitimate dispute and plaintiffs made no showing of prejudice).

## DISCUSSION

The underlying premise of the EEOC's motion is that the Supreme Court's decisions in *Twombly* and *Iqbal* require LHC Group to plead its defenses with specific factual assertions and that stating defenses in short and plain statements of affirmative defenses is improper. There is no guidance from the Fifth Circuit Court of Appeals on this issue, and the district courts are split. A majority of courts have concluded that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the sufficiency of affirmative defenses. *See, e.g. Vargas v. HWC Gen. Maint., LLC*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012). The rationale is the similarity of the language of Fed. R. Civ. P. 8(a) and (b), which require a "statement" or for the pleader to "state" its claim, along with the principle that imposing standard pleading requirements would ensure fair notice of claims and defenses. *See Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D.

Md. 2010).

A minority have concluded that *Twombly* and *Iqbal* only addressed the pleading standard applicable to complaints under Rule 8(a)(2), and not affirmative defenses under Rules 8(b) and (c). *See, e.g., Florida v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012). Generally, these courts rely on differences in the Rule 8 language. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," neither of the rules pertaining to affirmative defenses requires that the pleader "show" anything. Rule 8(b) requires defenses to be "state[d] in short and plain terms;" Rule 8(c) requires that affirmative defenses be "affirmatively state[d]." Thus, unlike the language of Rule 8(a)(2) examined by the Supreme Court in *Twombly*, Rules 8(b) and (c) do not impose a burden on the pleading party to show an entitlement to relief. *See Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257-58 (D. Kan. 2011).

The Court agrees with the minority view on this issue, primarily because it appears that different pleading standards are imposed by Rules 8(a), (b) and (c). But in addition, Fed. R. Civ. P. 84 provides that the "forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 30 in the Appendix of Forms sets forth an example affirmative defense: "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. "The brief and simple nature of this language indicates that no more detail is required of a defendant in an answer."

*Falley*, 787 F. Supp. 2d at 1258; *see also Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("[A]s the undetailed recitations of affirmative defenses illustrated in Form 30 show, [it] is not an exacting standard even remotely approaching the type of notice required of a claim under *Twombly* and *Iqbal*.") (footnote omitted).

Also, as a practical matter, although there is a need "for a more factual understanding of a claim as to permit the formulation of a response, a party served with an affirmative defense is generally not required or permitted to file any responsive pleading at all. The need for notice of an affirmative defense is therefore diminished considerably." *Tyco Fire Prods.*, 777 F. Supp. 2d at 901 (citation omitted). After all, "[p]roviding knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses." *Id.* (citing *N.H. Ins. Co. v. Marinemax of Ohio, Inc.*, 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006)).

Finally, the federal rules require defendants to assert any affirmative defense that may be applicable. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Accordingly, defendants must assert defenses out of an abundance of caution to avoid the argument that meritorious defenses should later be considered waived. *Id.* (failing to plead a defense constitutes waiver); *Lacroix v. Marshall Cnty., Miss.*, No. 3:07CV119-B-A, 2009 WL 3246671 (N.D. Miss. Sept. 30, 2009) (denying plaintiff's motion to strike and reasoning that "[t]he defendants were required to

plead their affirmative defenses or potentially waive such defenses under the rules of this court, and they were entitled to assert any available defenses."); *Baum v. Faith Techs., Inc.*, No. 10-CV-0144-CVE-TLW, 2010 WL 2365451, at *3 (N.D. Okla. June 9, 2010) ("[I]t would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred and the fact that defendants may waive affirmative defenses that are not plead.") (citing *Wanamaker v. Albrecht*, 99 F.3d 1151 (10th Cir. 1996)); 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1271 (3d ed. 2010) ("[I]t is advisable for the defendant to allege affirmatively any new matter he or she believes may not be embraced by the pleadings. ... [A] defendant will not be penalized for doing so and he will have the advantage of immunizing … against a possible waiver of the defense.").

For all of these reasons, the Court will apply the Fifth Circuit's longstanding fair notice standard, which requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.  We acknowledge that in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362 (5th Cir. 1999). (citations and footnotes omitted).

The Court finds that, with the exception of the Twenty-Sixth Affirmative Defense, LHC Group has adequately pled its affirmative defenses under Rules 8(b)

and (c) to put the EEOC on notice of those defenses.[1]  The Twenty-Sixth defense states: "Plaintiff's claims are barred, in whole or in part, by additional affirmative defenses and after acquired evidence that may arise during the proceedings."  This is insufficient to give the EEOC fair notice of any particular defense.  However, the EEOC does not attempt to show how it will be prejudiced if the defense is not stricken.  The EEOC is not entitled to have a non-prejudicial affirmative defense stricken.

To the extent that the EEOC argues that certain affirmative defenses are

---

[1] The sufficiently stated affirmative defenses are:

Third: "Plaintiff's claims for punitive damages are violative of the constitutional safeguards due Defendant under the United States and Mississippi Constitutions.

Sixth: "Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver or estoppel."

Seventh: "Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations."

Twelfth: "Plaintiff's claims are barred, in whole or in part, because Sones' employment with Defendant was at-will.  Either Sones or Defendant could terminate Sones' employment relationship at any time, with or without notice, with or without cause."

Eighteenth: "Defendant has a well disseminated and consistently enforced policy against harassment or discrimination, and a reasonable and available procedure to handle complaints.  To the extent Sones failed to use, or otherwise misused, such procedures, Plaintiff's claims are barred, pursuant to *Ellerth/Faragher*.

Twenty-Third: "Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Mississippi Workers' Compensation Act."

insufficient because they are not valid legal defenses or are inapplicable to this action, the Court finds the Motion to be premature.  When the EEOC filed its Motion, LHC Group had just answered the Amended Complaint and no discovery had taken place.  It is too early in the litigation to be certain that any of the challenged affirmative defenses are invalid or inapplicable.  Considering that motions to strike under Rule 12(f) are generally disfavored and within the Court's discretion, the Court declines to exercise its discretion at this time to strike LHC Group's affirmative defenses.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [11] to Strike Affirmative Defenses filed by Plaintiff, the Equal Employment Opportunity Commission, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE