**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | **1:11-cv-00355-LG -JMR** |
| **LHC GROUP INC. d/b/a GULF COAST HOMECARE** | ) ) ) | |
| **Defendant.** | ) ) | |

_____

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S
EXPERTS RUTH K. FREDERICKS AND CARL BROOKING**
_____

Pursuant to this Court's authority under Federal Rules of Evidence  401, 402, 403 and 702, Plaintiff Equal Employment Opportunity Commission, ["EEOC," "Plaintiff"  or "Commission"] respectfully moves exclude  two proposed experts, Ruth K. Fredericks,  M.D. ["Fredericks"] and Carl G. Brooking, Ph.D. ["Brooking"] from testifying on behalf of Defendant, LHC Group Inc., d/b/a Gulf Coast Homecare ["Defendant," "Gulf Coast" or "LHC"], and exclude into evidence, and exclude any reference to, Dr. Fredericks' and Dr. Brooking's reports, depositions, and testimony, as evidence in any proceeding or phase of this case, including but not limited to, all motions and all stages of trial, based on the Federal Rules of Evidence, statutes, regulations, and judicial authority discussed herein and in the Commission's Memorandum and exhibits filed contemporaneously in support of this Motion. The Commission states:

1.      On September 26, 2011, the Commission brought this action on behalf of the

public interest and Kristy Michele Sones ["Sones"], the charging party and former employee of Defendant. This action is brought under Title I of the Americans with Disabilities Act of 1990 ["ADA"], *as amended* by the Americans with Disabilities Act Amendments Act of 2008 ["ADAAA"], and  the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief for Sones, who was adversely affected by such practices.

2.      The ADAAA applies this entire lawsuit because all of the operative events occurred after January 1, 2009. Pursuant to the ADAAA, Sones has a protected disability, epilepsy. The Commission alleges Defendant refused to provide Sones with a reasonable accommodation of her disability and intentionally discharging Sones because she suffers from a physical impairment (epilepsy) that substantially limits one or more major life activities, or because she suffers from an actual or perceived physical impairment in violation of ADAAA provisions, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), and the regulations implementing the ADAAA.

3.      The ADAAA is the foundation of this case. As developed in the Memorandum submitted in support of this Motion, neither Dr. Fredericks, a neurologist, nor Dr. Brooking, an economist, possess any demonstrable knowledge concerning the applicable provisions of the ADA or ADAAA, the specific duties of Sones, or the operative events relating to Sones' employment. The Court should not permit Dr. Fredericks or Dr. Brooking to testify or offer admissible reports because such evidence addresses ADAAA principles and Sones' employment, despite the witnesses' lack of knowledge of these principles and events.

4.      Dr. Fredericks, based on her report, is prepared to offer the following opinions: (1) Sones' epilepsy did not limit Sones in any major life activities; (2) Sones' epilepsy would not

have affected her ability to think, recall passwords, or otherwise perform her role as a Team Leader; (3) Sones was "self-medicating with other medications, likely Ambien; (4) Sones, if she was having memory problems and trouble staying awake caused by medication or a physical impairment, she had a duty under the Administrative Code of the Mississippi Board of Nursing [to not (sic)] engage in the practice of nursing. To do otherwise posed a direct threat to the health and safety of the patient and to herself. As such, Sones was not qualified to be a Team Leader or Field Nurse while her 'her medications were being adjusted. The only proper thing was for Sones to take the personal leave of absence offered to her by LHC; and (5) Sones has a history of non-compliance with taking her anti-seizure medications. This "non-compliance poses a direct threat to the health and safety of others."

5.      Dr. Brooking's opinion addresses the single issue of Sones' remedy of back pay and loss of one benefit, i.e. health insurance. Dr. Brooking's opinion does not require any scientific, technical, or other specialized knowledge. Moreover, the Court, not the jury, will decide the ADAAA remedy of back pay and loss of benefits.

6.      Sones, a Registered Nurse ["RN"], was diagnosed with epilepsy in 2005. Sones suffers from a physical impairment (epilepsy) that substantially limits one or more major life activities. On or about November 28, 2006, Defendant hired Sones as a Field Nurse. Sones worked in Defendant's branch in Picayune, Mississippi facility. On May 7, 2009, Defendant promoted Sones to the position of Team Leader. On May 26, 2009, Sones experienced an epileptic seizure in the workplace. Because of Sones seizure, her physician placed her on restrictions of no driving for one year and no climbing.

7.      On or about June 2, 2009, Sones returned to work. After returning to work, Sones informed her supervisor, that for a few days, she would have some minor memory problems and

might need assistance performing some of her job duties during that time. Defendant denied Sones' request for assistance. After Sones returned to work, Defendant imposed adverse terms and conditions of employment, which were not imposed on her prior to her seizure.

8.      On June 19, 2009: (a) Defendant designated July 31, 2009 as a target date by which Sones was to master all Team Leader tasks; and (b). Jennifer Taggard, Sones' supervisor, informed Sones that if her disability manifested itself again, Defendant, the employer, would be in trouble. Subsequently, on June 24, 2009, Defendant terminated Sones' employment. In the termination meeting, Defendant's Human Resources' representative, in a telephone conference with Sones, informed Sones she was discharged because Sones was "a liability to the organization." Defendant engaged in unlawful employment practices at its Picayune, Mississippi facility, by intentionally discharging Sones because she suffers from a physical impairment (epilepsy) that substantially limits one or more major life activities, or because she suffers from an actual or perceived physical impairment in violation of the ADAAA.

9.      Dr. Fredericks' and Dr. Brooking's reports, testimony, and opinions are due to be stricken and excluded for the following specific reasons and all the discussion contained in the Memorandum filed in support of this Motion.

10.      **Dr. Fredericks**

(1)      Dr. Fredericks' lacks the knowledge of the facts in issue, to present opinions or testimony to help the trier of fact to understand the evidence or to determine a fact in issue. *Fed.R.Evid*. 702(a).

(2)      Dr. Fredericks is not is qualified as an expert by knowledge, skill, experience, or training to render the opinions in issue. *Fed.R.Evid*. 702. Dr. Fredericks lacks knowledge concerning the: (a) events and facts relating to Sones; employment which are intertwined with

4

the issues in this case and Dr. Fredericks' opinions; (b) the critical provisions of the ADAAA, including the definition and construction of the provision concerning major life activities and the implementing regulations directly addressing epilepsy, the definition of a "disability", and any knowledge of reasonable accommodation.

(3)     Any relevance of the opinions and related testimony is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Fed.R.Evid*. 403.

(4)     Dr. Fredericks' opinions are not based on her knowledge of sufficient facts or data. *Fed.R.Evid*. 702(b).

(5)     Dr. Fredericks' lack of knowledge of the critical facts and lack of intellectual vigor in seeking independent verification to support her speculative opinions, renders her opinions inadmissible as being products of unreliable principles and methods; as well as unreliable application of any reliable principles and methods to the facts of the case; facts of which she has a lack of knowledge and to which she has provided contradictory testimony. *Fed.R.Evid*. 702(c)(d).

(6)     Dr. Fredericks' lack of knowledge of the critical facts and issues, as well as her lack of intellectual rigor in seeking independent verification to support her speculative opinions, renders her opinions inadmissible as being products of unreliable principles and methods; as well as unreliable application of any reliable principles and methods to the facts of the case; facts of which she has a lack of knowledge and to which she has provided contradictory testimony. *Fed.R.Evid*. 702(c)(d).

(7)      Dr. Fredericks' lack of knowledge would result in her opinions usurping the jury's role in evaluating the credibility of witnesses.

11.      **Dr. Brooking**

(1)      Dr. Brooking's opinion does not require any scientific, technical, or other specialized knowledge. Dr. Brooking's report and revised report analyze Sones' loss of back pay and a single benefit, health insurance and set forth his opinion that Sones' total loss of wages and health insurance, as of March 4, 2013, is: $54,584.00. Dr. Brooking admits that his opinion involves simple arithmetic. Thus, Dr. Brooking's testimony will not assist the trier of fact, the Court. *Fed.R.Evid*. 702(a).

(2)      The Court, not the jury, will decide the ADAAA remedy of back pay and loss of benefits. There is no evidence that Dr. Brooking's opinion, on issues to be decided by the Court, requires any methodology other than using common sense and simple arithmetic. Therefore, Dr. Fredericks' opinions will not assist the Court or jury in understanding the evidence or any fact at issue. In contrast, the introduction of Dr. Brooking's opinion could potentially confuse the issues before the jury, resulting in unfair prejudice to Sones and the Commission. Any relevance of Brooking's opinions and related testimony is substantially outweighed by a danger of one or more of the following: confusing the issues, misleading the jury, undue delay, or wasting time. *Fed.R.Evid*. 403.

WHEREFORE, the Commission, for the foregoing reasons, respectfully requests this Court to GRANT the Commission's Motion to Exclude Defendant's Experts Ruth K. Fredericks, M.D., and Carl G. Brooking, Ph.D. from testifying on behalf of Defendant, LHC Group Inc., d/b/a Gulf Coast Homecare ["Defendant" or "Gulf Coast" or "LNC"], and exclude into evidence, and exclude any reference to, Dr. Fredericks' and Dr. Brooking's reports, depositions, and

testimony, as evidence in any proceeding or phase of this case, including but not limited to, all

motions and all stages of trial.

       Dated:  March 15, 2013.

                                          Respectfully submitted,

                                          C. EMANUEL SMITH
                                          Regional Attorney
                                          (MS Bar # 7473)

                                          JULIE BEAN
                                          Supervisory Trial Attorney
                                          (DC Bar # 433292)

                                          */s/ Harriett F. Johnson*
                                          HARRIETT F. JOHNSON
                                          Trial Attorney
                                          (MS Bar # 103149)
                                          (205) 212-2075
                                          harriett.johnson@eeoc.gov

                                          STEVEN L. MURRAY
                                          Senior Trial Attorney
                                          (DC Bar # 379955)

                                          Attorneys for Plaintiff Equal
                                          Employment Opportunity Commission
                                          1130 22nd Street South, Suite 2000
                                          Birmingham, AL  35205
                                          Telephone:   (205) 212-2045
                                          Facsimile:    (205) 212-2041

## CERTIFICATE OF SERVICE

       I hereby certify that on March 15, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all appropriate CM/ECF registrants in this action.

                                          */s/ Harriett F. Johnson*
                                          HARRIETT F. JOHNSON
                                          Trial Attorney