IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:11-cv-00355-LG -JMR |
| v. | ) | |
| LHC GROUP INC. d/b/a GULF COAST HOMECARE | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

### I. INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission"), brought this action against Defendant, Picayune HomeCare, LLC d/b/a Mississippi HomeCare of Picayune located in Picayune, Mississippi and incorrectly identified as LHC Group Inc. d/b/a Gulf Coast Homecare (hereinafter referred to as "Mississippi HomeCare of Picayune" or "Defendant"), under Title I of the Americans with Disabilities Act of 1990 ("ADA") *as amended* by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "the ADAAA"), and Title I of the Civil Rights Act of 1991. The EEOC alleges that Defendant discriminated against Kristy Sones (hereinafter referred to as "Charging Party") by terminating her because she qualifies as a person with disability as defined under the ADA. Defendant denies it discriminated against Charging Party.

A. This Consent Decree is entered into by the EEOC and Defendant. This Consent Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it.

B. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the Americans with Disabilities Act. This Consent Decree does not affect any administrative charges pending with the EEOC, other than Charge of Discrimination underlying this lawsuit (*Sones v. Gulf Coast Homecare*, 425-2009-00900), or any cases currently pending in court other than the instant lawsuit, *EEOC v. LHC Group Inc. d/b/a Gulf Coast Homecare*, 1:11-cv-0355-LG-JMR.

## II. **GENERAL PROVISIONS**

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

C. This Court has jurisdiction over the parties and the subject matter of this action.

D. The terms of this Consent Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant, in their capacities as representatives, agents, directors and officers of Defendant, and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Consent Decree.

E. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:11-cv-00355-LG-JMR.

  F. This Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi and shall continue to be in effect for a period of two (2) years from the date of entry of this Consent Decree. However, Defendant may seek agreement from the EEOC to terminate this decree after the first twelve (12) months by demonstrating that it has in place, an effective anti-discrimination policy and that it is in compliance with all other provisions of this Decree. Any modification of this Consent Decree by any party must be made by motion to the Court.

  G. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

  H. This Consent Decree shall apply to Defendant and all employees (the use of the term "employees" includes temporary and contract employees) working in or for Defendant at the Picayune HomeCare, LLC d/b/a Mississippi HomeCare of Picayune facility located in Picayune, Mississippi.

  I. Defendant shall comply fully with all provisions of the Consent Decree and the ADA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under the ADA or the EEOC's authority to process or litigate any charge of discrimination which may be pending or filed against Defendant in the future.

### III. **NON-DISCRIMINATION**

  J. Defendant, and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, shall not discriminate against an employee or applicant in violation of the Americans with Disabilities Act. The prohibited practices include, but are not limited to, the following:

    (1)    Refusing to provide a reasonable accommodation in accord with the Americans with Disabilities Act, as amended;

    (2)    Retaliating against any employee for asserting rights under the ADA or engaging in other activity protected by the ADA; and

    (3)    Subjecting any employee to adverse terms and conditions of employment, including harassment, because the employee is disabled under the ADA.

## IV. **NON-RETALIATION**

K.    Defendant, its officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall not engage in retaliation of any kind against any person because such person:

    (1)    opposed any practice made unlawful under the ADA;

    (2)    contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to the ADA;

    (3)    testified, assisted or participated in any manner in a workplace ADA-related inquiry, investigation, proceeding, or hearing;

    (4)    testified, assisted or participated in any manner in an EEOC or stage agency ADA-related investigation, proceeding, or hearing;

    (5)    requested and/or received relief in accord with this Consent Decree;

    (6)    participated in any manner in this action or in the EEOC investigation giving rise to this action;

    (7)    asserted any rights under the ADA, or this Consent Decree.

Defendant further shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

## V. **RELIEF TO THE CHARGING PARTY**

L. LHC Group, Inc. ("LHC Group") on behalf of Defendant shall pay monetary relief in the gross amount of $100,000 (one hundred thousand dollars) to Kristy Sones for back pay and compensatory damages. This amount shall be paid in full settlement of the claims against Defendant which were the basis of the EEOC Charge filed by the Charging Party (No. 425-2009-00900), and raised in the EEOC's Complaint. Within thirty (30) calendar days of entry of this Consent Decree, payment shall be made by two (2) checks as follows: one check payable to Kristy Sones in the amount of $25,000 (less withholding and applicable tax deductions) representing back pay and one check payable to Kristy Sones in the amount of $75,000 representing non-wage damages. Both checks are to be mailed to the address provided by the EEOC. LHC Group will issue the applicable United States Internal Revenue Service forms to Sones no later than February 15, 2016.

Defendant shall mail a photocopy of the checks to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205 at the time the check is sent to Sones.

## VI. GENERAL INJUNCTIVE RELIEF

M. Within sixty (60) calendar days after this Consent Decree is approved by the Court, Defendant shall develop and implement comprehensive policies and procedures to ensure that employees are not subject to discrimination made unlawful by the ADA. At a minimum, the policies and procedures shall contain and provide for the following:

(1) a provision for disciplinary action, up to and including termination, that shall be imposed on supervisors, managers and human resources employees who violate the ADA and/or Defendant's ADA policies and procedures;

(2) a process for employees to seek a reasonable accommodation under the ADA;

(3) a process for employees to report complaints of ADA-related discrimination and retaliation;

(4) a system for the maintenance and retention of records related to reasonable accommodation requests, including records reflecting consideration and evaluation of accommodation requests;

(5) a system for ensuring the dissemination to all Mississippi HomeCare of Picayune employees of a copy of Defendant's ADA policy and procedures;

(6) an assurance of non-retaliation for persons who wish to request a reasonable accommodation or report that they have been discriminated against or witnessed discrimination in violation of the ADA; and

(7) a process for conducting reasonable accommodations determinations.

N. Defendant shall promptly and appropriately investigate all complaints of discrimination and retaliation under the ADA. The investigation shall include factual findings, a finding of whether discrimination occurred, interviews of all known or potential victims and witnesses, and credibility assessments of all known or potential victims and witnesses. All witness interviews shall be memorialized with concurrent notes or recordings in audio/video or other electronic format.

O. Defendant shall assign an employee the responsibility of serving as Mississippi HomeCare of Picayune's ADA coordinator, but need not assign the employee the specific title of "ADA Coordinator." The ADA coordinator shall be trained in the requirements of the ADA including, but not limited to, the following:

(1) the meaning of "disability" under the ADA; and

    (2)  the process for assessing and determining (including the "interactive process") whether an applicant or employee is entitled to a reasonable accommodation.

The ADA coordinator shall provide written recommendations to the relevant supervisory personnel of Mississippi HomeCare of Picayune in advance of the following employment actions: the termination of any employee based on his or her actual, perceived, or record of a physical or mental impairment.

  P.  During the term of this Consent Decree, and prior to terminating the employment of or denying a request for a reasonable accommodation to an employee of Mississippi HomeCare of Picayune, the ADA coordinator shall contact the Job Accommodation Network ("JAN") and request information about the employee's particular impairment and possible accommodations that may be available to assist the employee to perform the essential functions of the job.

  Q.  Within ninety (90) calendar days after this Consent Decree is entered by the Court, Mississippi HomeCare of Picayune shall train all current employees at the Picayune facility, including supervisory and management employees on the ADA and Defendant's ADA policies and procedures. The training shall cover all aspects of the ADA including, but not limited to, the legal requirements of the ADA, prohibition against discrimination and disparate treatment of employees with actual or perceived disabilities, the definition and examples of a reasonable accommodation under the ADA, the interactive process as it relates to a request for a reasonable accommodation, resources for determining and identifying reasonable accommodations, procedures for providing reasonable accommodations to individuals with disabilities, prohibition against retaliation and coercion against employees who engage in activity

protected by the ADA, the requirement for coordination with the ADA coordinator, and Defendant's internal ADA policy and procedures. The training will be repeated (with modifications to ensure its compliance with the law) once every twelve months after the first ADA training is completed. All newly hired managers shall be required to complete this training within sixty (60) days of their start date, irrespective of their participation in the annual training.

      R.      Each training session shall last one hour, and Defendant shall generate a registry or other similar record containing signatures of all persons in attendance. Each registry or other similar record shall be retained by Defendant for the duration of the Consent Decree.

      S.      Each training session may consist of content prepared by an outside vendor and/or may be delivered by an outside vendor. Alternatively, it may be delivered by internal staff in accordance with an outline prepared at least one-week in advance of the training. The outline, all training materials (pamphlets, brochures, agendas, videos), and the registry or other similar record shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, once every six months. Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

      T.      Within ninety (90) calendar days after this Consent Decree is entered by the Court, Defendant will establish an email address and dedicated human resources telephone line to the ADA coordinator. Supervisors and managers of Mississippi HomeCare of Picayune shall refer applicants and employees to the ADA coordinator as necessary to discuss any matter related to the ADA, including, but not limited to, requests for reasonable accommodations.

## VII. **REPORTING**

U. On an annual basis for the duration of the Consent Decree, counsel for Defendant will provide the Birmingham District Office Regional Attorney a report on the training conducted under Section VI of this Consent Decree. The ADA coordinator will maintain the following records during the period of this Consent Decree:

(1) ADA policies and procedures;

(2) Requests for Accommodations and responses thereto;

(3) All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of the ADA, including involving allegations related to discrimination or the request for or denial of a reasonable accommodation;

(4) All materials used in training; and

(5) Attendance lists for all training.

During the term of the Consent Decree, the EEOC may conduct periodic interviews by EEOC staff to monitor compliance with the Consent Decree.

## VIII. **DISPUTE RESOLUTION**

V. In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within fourteen (14) calendar days of discovery of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) calendar days thereafter to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party

that it has complied within fourteen (14) calendar days, the complaining party may apply to the Court for appropriate relief.

### IX. COSTS AND ATTORNEY FEES

W. Each party shall bear its own attorney's fees and costs incurred in this action up to the date of the entry of this Consent Decree.

### X. DURATION OF CONSENT DECREE

X. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties. However, the Defendant may seek agreement from the EEOC to terminate this decree after the first twelve (12) months by demonstrating that it has in place, an effective anti-discrimination policy and that it is in compliance with all other provisions of this Decree.

The parties agree to the entry of the Consent Decree subject to final approval by the Court.

**IT IS SO ORDERED THIS THE** 27th **day of** July **, 2015.**

s/ Louis Guirola, Jr.
UNITED STATES DISTRICT JUDGE

For PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M. Street NE
Washington, D.C. 20507


*C. Emanuel Smith*
C. EMANUEL SMITH (MS No. 7473)
Regional Attorney


*Harriett F. Johnson*
HARRIETT F. JOHNSON (MS No. 103149)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Telephone: (205) 212-2045

**For DEFENDANT,** PICAYUNE HOMECARE, LLC D/B/A MISSISSIPPI HOMECARE OF PICAYUNE, incorrectly identified as **LHC GROUP, INC. D/B/A GULF COAST HOMECARE, INC.**

By: LHC Group, Inc., its Manager

*/s/ Joshua L. Proffitt*
Joshua L. Proffitt, Executive Vice President
As Corporate Representative of Defendant


*/s/ J. Randall Patterson*
J. Randall Patterson (MS No. 9012)
Jennifer G. Hall (MS No. 100809)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Meadowbrook Office Park
4268 I-55 North
Jackson, Mississippi 39211
Telephone: (601) 351-2400
As Attorneys for Defendant